Judge GIERKE
delivered the opinion of the Court.
A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of a 47-day unauthorized absence, three specifications of violating a lawful general regulation by misusing his government credit card, and two specifications of dishonorably failing to maintain sufficient funds in his checking account, in violation of Articles 86, 92, and 134, Uniform Code of Military Justice, 10 USC §§ 886, 892, and 934, respectively. The military judge sentenced appellant to a bad-conduct discharge, reduction to the lowest enlisted grade, and confinement for a duration that is disputed in this appeal. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed in an unpublished decision.
Before this Court, appellant claims that the military judge illegally increased his sentence after announcing it, and incorrectly computed appellant’s credit for illegal pretrial punishment. The issues arose from the military judge’s attempts to compute how many days of post-trial confinement appellant would actually serve after all credits and deductions were applied to the adjudged sentence. In the course of describing his calculations, the military judge discussed the interrelationship among several factors, including the adjudged sentence, confinement credits, the potential maximum sentence that could be approved, and the amount of time that might remain to be served. During this discussion, the military judge at various times referred to confinement for 10 months, 305 days, 212 days, 202 days, 102 days, 100 days, 50 days, and 40 days.
Appellant asserts that he served more confinement than was adjudged and approved, and he asks that his bad-conduct discharge be set aside because of illegal post-trial confinement.[1] For the reasons that follow, we affirm.

FACTUAL BACKGROUND

At trial, appellant requested relief for illegal pretrial punishment imposed in violation of Article 13, UCMJ, 10 USC § 813. The military judge granted the motion, finding that appellant was improperly denied his right to wear his staff sergeant stripes while in pretrial confinement, and that “his stripes were ripped off, literally in fi’ont of him.” The military judge announced that “a one-for-one credit was awarded towards the adjudged sentence, which has been incorporated into the sentence of this court.” The military judge then announced the sentence, which included confinement for 202 days. The military judge then commented:
*258 The accused has served 102 days of pretrial confinement. Using the directives in U.S. v. Allen, [17 MJ 126 (CMA 1984),] the accused will be awarded 102 days of credit towards the approved sentence to confinement. As a practical matter, that leaves 100 days to be served.
Because appellant had pleaded guilty in accordance with a pretrial agreement, the military judge next examined the agreed sentence limitation. He explained the effect of the pretrial agreement to appellant as follows:
In that document it states that, in agreement for your plea of guilty in your case, that no more than eight months of confinement would be approved, if confinement is adjudged. In this case, the Court approved, ten months and gave you credit—in one type of credit for 102 days and additional credit for 102 days, but there was 10 months or 305 days of confinement. As I understand the Appendix, you could have no more than eight months. So, that’s an additional 60 days to be reduced from your sentence. So, the most that the convening authority could approve is about 40 days. And that’s rough, but somewhere in the ballpark of 42 or 43 days of additional confinement, beyond what you’ve already served.
Responding to trial counsel’s concern about his computations, the military judge further explained:
Well, let me—without getting into the actual days, this court basically sentenced the accused to 10 months confinement; gave 102 days of Allen credit; gave an additional 102 days of credit using the theory that there was a violation of Article 13. But when you back it up, there was a sentence to 10 months before the credits were applied. My understanding of the agreement that was entered to [sic], it would be no more than 8 months. It says that no more than 8 months will be approved, not served.
I’m sure that will leave the appellate folks with lots to talk about, but that’s the understanding of this Court. Do you understand what’s just taken place Sergeant Spaustat? I know that it sounds a little confusing. The Court sentenced you to 10 months, but gave you two different types of credit with the result that it would be about 102 days more or less that you would have remaining to be served. But because of your agreement with the convening authority, your sentence will be reduced further by an additional two months.
Trial counsel then pointed out that appellant’s stripes were not removed until he had been in pretrial confinement for ten days, and that the military judge had given appellant too much credit for pretrial punishment. The military judge agreed, saying:
So, that 10 day period will be added back—I will restate my position. He will receive 92 days of credit, not 102 days under the theory that there was a violation of Article 13.
The military judge then “restated” the sentence, this time including confinement for 212 days. The court adjourned on November 30, 1999, with no further discussion of the sentence.
The military judge’s sentence continued to be a matter of concern after the trial. On December 2, 1999, the Chief of Military Justice was asked “to explain the judge’s sentence with regard to confinement to appropriately calculate SSgt Spaustat’s release date.” His explanation was as follows:
The judge sentenced him to 212 days confinement, already taking into account his 92 days credit for illegal pretrial punishment. However, after reviewing the PTA [pretrial agreement], the judge stated that his original sentence prior to subtracting the 92 days for illegal pretrial punishment was 304 days (about 10 months) confinement. Therefore, SSgt Spaustat got an additional 60 days (2 months) off the top for the PTA, which capped the sentence to confinement at 8 months, leaving 244 days. Then he got the 92 days credit for illegal pretrial punishment and the 102 days credit for pretrial confinement, leaving him with 50 days remaining.
*259 You would still need to calculate his credit for “good time” served and subtract it from the 50 days. By my calculation he should get about 25 days of good time (5 months x 5 days per month), leaving him with 25 days to serve from the date of his trial on 30 Nov 99. That means SSgt Spaustat will be released on 24 Dec 99. However, you would need to confirm that my “good days” calculation is correct.
In a memorandum dated December 6, 1999, defense counsel agreed with the Chief of Military Justice’s statement of the adjudged sentence to confinement and the confinement credits for illegal pretrial punishment and lawful pretrial confinement. However, he disagreed with the calculation of the “good time” credit. Defense counsel argued that good time credit should be calculated on the full term of adjudged confinement, which, according to the defense counsel, was eight months, before any credits were considered. Defense counsel’s calculation would have given appellant 40 days of good time credit, leaving only 10 days to be served.
On December 7, 1999, defense counsel wrote the military judge requesting clarification of appellant’s sentence so that appellant’s minimum release date from confinement could be determined. The record of trial does not reflect a response from the military judge. This memorandum reflects that the Chief of Military Justice and the defense counsel had agreed that appellant was entitled to 40 days good time credit, and that appellant would have had only 10 days confinement to serve after trial. This calculation would have required appellant’s release from confinement on December 9,1999. The confinement facility, however, had determined that appellant’s minimum release date was February 12, 2000, based on the Report of Result of Trial, which reflected an adjudged sentence imposing 212 days of confinement, less 102 days of Allen credit.
On December 10, 1999, defense counsel requested appellant’s release from confinement. The staff judge advocate (SJA) disagreed with defense counsel’s calculations, taking the position that the announced sentence was 212 days, that the pretrial agreement had no effect, and that the 92 days credit awarded by the military judge for pretrial punishment did not need to be factored into the equation a second time. The SJA’s calculation was the same as the confinement facility’s, leaving 110 days to be served.
On December 20, 1999, the convening authority denied the defense request that appellant be released from confinement. In part, that denial document stated:
The 92-day credit is applied against the adjudged sentence, not against the pretrial agreement (PTA). Since the adjudged sentence minus the credit comes below the PTA, the PTA is inapplicable to any calculations of confinement period.
On December 22, 1999, the convening authority ordered appellant to be released from confinement on December 27, 1999, “to partially compensate [Airman Basic] Spaustat for the credit the judge gave him at his court-martial for the improper manner in which the confinement facility removed his stripes.”
As late as February 4, 2000, the sentence was still a concern. In a “Submission of Clemency Matters,” defense counsel argued that appellant should have been released from confinement on December 9, 1999, but was not ordered released until December 27, 1999. In an addendum to the post-trial recommendation, dated February 23, 2000, the SJA noted that his recommendation had correctly set forth the sentence “as adjudged,” including 212 days confinement.
On March 21, 2000, the convening authority simply approved the sentence. Consistent with the Report of Result of Trial and the SJA’s recommendation, the promulgating order reflects that the adjudged sentence provided for 212 days of confinement. The convening authority stated, “The remaining period of confinement having been served, no place of confinement is designated.” There is no mention of any confinement credits in the convening authority’s action.

*260
DISCUSSION

The proper applications of credit for illegal pretrial punishment and lawful pretrial confinement are questions of law, reviewed de novo. See United States v. Rock, 52 MJ 154, 156-57 (1999); Allen, 17 MJ at 126. Interpretation of a pretrial agreement also is a question of law, reviewed de novo. United States v. Acevedo, 50 MJ 169, 172 (1999).
1. The Adjudged Sentence
We begin our analysis with the question whether the adjudged sentence imposed confinement for 202 days, 212 days, 10 months, or some other period. Although the military judge mentioned various periods of confinement, appellant has focused on 202 days and 212 days. Appellant asserts that the military judge sentenced him to confinement for 202 days and then illegally increased it to 212 days. The Government asserts that appellant was sentenced to confinement for 10 months, amounting to 304 days. We hold that the adjudged sentence imposed confinement for ten months.
Before announcing the sentence, the military judge stated that the credit for unlawful pretrial punishment “has been incorporated into the sentence of this court.” The military judge’s first announcement of confinement for 202 days incorporated his calculation of this credit. See United States v. Suzuki, 14 MJ 491 (CMA 1983) (additional credit for pretrial confinement under harsh conditions). The military judge then deducted the Allen credit and told appellant that he had “100 days to be served.”
Next, while explaining the pretrial agreement to appellant, the military judge stated that “the Court approved ten months ... there was 10 months or 305 days of confinement,” with 102 days of Allen credit and 102 days of Suzuki credit. After examining the pretrial agreement, he recomputed again and told appellant “the most that the convening authority could approve is about 40 days.”
After trial counsel questioned his calculations, the military judge explained that he “basically sentenced the accused to 10 months confinement,” but that after deducting Suzuki and Allen credit, appellant would have “102 days more or less” to serve, less the reduction required by the pretrial agreement. The military judge also told appellant again, “The Court sentenced you to 10 months.”
Finally, after trial counsel pointed out that the Suzuki credit was calculated incorrectly, the military judge agreed that he had given appellant too much Suzuki credit, and he “restated” the sentence to provide for confinement for 212 days. This computation included the corrected Suzuki credit but not the Allen credit or the sentence reduction under the pretrial agreement.
Defense counsel did not raise any issue about the adjudged sentence until after the trial. In his post-trial memorandum, defense counsel agreed with the Chief of Military Justice’s statement that the “original sentence” provided for ten months of confinement.
The record clearly reflects that the military judge adjudged a sentence including confinement for ten months. There is no ambiguity regarding the adjudged sentence. The military judge’s references to various days of confinement do not reflect the adjudged sentence, but instead they reflect his attempts to calculate how many days of confinement appellant would actually serve after his court-martial. Thus, we will review the military judge’s application of confinement credits and the pretrial agreement on the basis of an adjudged sentence imposing confinement for ten months.
2. Unlawful Reconsideration of the Sentence
Appellant asserts that the military judge unlawfully reconsidered his sentence and increased the adjudged confinement from 202 days to 212 days. The Government asserts that the announced sentence included the military judge’s computation of confinement credits against the adjudged sentence, and the change from 202 days to 212 days reflected the military judge’s recalculation of confinement credits and not a change in the adjudged sentence.
We hold that the military judge did not illegally reconsider his sentence. He merely corrected his calculation of Suzuki credit. *261 After trial counsel pointed out that appellant’s stripes were not removed until he had been in pretrial confinement for ten days, the military judge recalculated the Suzuki credit and announced the sentence again, incorporating the Suzuki credit but adding ten days to the announced sentence to reflect the corrected calculation. The adjudged sentence remained unchanged at ten months.
In short, the military judge did not increase the sentence. The only “increase” resulted from the military judge’s calculation of the credits against the adjudged sentence, not the sentence itself. The military judge modified the credits when it was brought to his attention that he had miscalculated them. RCM 1007(b), Manual for Courts-Martial, United States (2000 ed.),[2] provides: “If the announced sentence is not the one actually determined by the court-martial, the error may be corrected by a new announcement made before the record of trial is authenticated and forwarded to the convening authority.” RCM 1009(c) provides: “A sentence may be clarified at any time prior to action of the convening authority on the case.” See also United States v. Jones, 3 MJ 348, 351 (CMA 1977); United States v. Liberator, 14 USCMA 499, 505, 34 CMR 279, 285 (1964); United States v. Robinson, 4 USC-MA 12, 15, 15 CMR 12, 15 (1954). In this case, the military judge corrected his calculation of confinement credits and clarified their impact on the confinement remaining to be served.
3. Application of Suzuki Credit
The decision in Suzuki, supra, involved pretrial confinement under harsh conditions. That decision is “explicitly recognized” in RCM 305(k), which, among other things, empowers a military judge to “order additional credit for each day of pretrial confinement that involves an abuse of discretion or unusually harsh circumstances.” See Rock, 52 MJ at 156. RCM 305(k), which covers violations of administrative procedures for imposing and reviewing pretrial confinement as well as Suzuki credit, specifically provides for credit to be applied against the adjudged sentence.
Rock involved a military judge’s award of confinement credit for pretrial punishment in violation of Article 13, supra, where the accused was not in pretrial confinement nor held for trial in conditions tantamount to confinement. This Court held that, because the pretrial punishment “did not involve confinement, nor was it tantamount to confinement,” the military judge did not err by awarding confinement credit against the adjudged sentence instead of the lesser sentence required by the pretrial agreement. We stated further, however, that when there is a pretrial agreement, credit for lawful pretrial confinement {Allen credit), as well as additional credit for illegal pretrial confinement {Suzuki credit), must be applied against the lesser of the adjudged sentence and the maximum sentence provided for in the pretrial agreement, unless the pretrial agreement provides otherwise. 52 MJ at 157.
The two separate opinions in this case correctly point to the statement in Rock that “credit against confinement awarded by a military judge always applies against the sentence adjudged—unless the pretrial agreement itself dictates otherwise.” Id. at 156-57. However, they omit the remainder of the Rock opinion’s discussion, which addresses the circumstance where the pretrial agreement provides for a sentence less than the adjudged sentence. Rock explains:
Where there is a pretrial agreement that sets out a lesser limitation than that adjudged by the court-martial, however, a different result obtains. Where the agreement establishes a maximum confinement, for example, that is less than that adjudged by the court-martial, that lesser limit becomes the maximum total confinement that the accused lawfully can be made to serve. Where portions of that confinement have already been served, actually or constructively, the credit applies against the agreement, otherwise the accused’s sentence unll exceed the maximum lawful limit.
Id. at 157 (emphasis added).
Rock arguably gives more relief than RCM 305(k). However, it is not inconsistent with *262 RCM 305(k), because RCM 305(k) specifically authorizes more than day-for-day credit for Suzuki violations, and it does not address the impact of a pretrial agreement on the application of confinement credits.
In this case, the military judge awarded additional credit for pretrial punishment unlawfully imposed on appellant while he was in pretrial confinement. The military judge initially stated that he would apply the credit against the adjudged sentence, but when he announced his calculations, he actually applied it against the lesser sentence provided for by the pretrial agreement. The Government asserts that appellant received a windfall because the military judge erroneously applied Suzuki credit against the lesser sentence provided for in the pretrial agreement instead of the adjudged sentence of confinement for ten months.
We do not agree with the Government’s assertion that the military judge gave appellant a windfall. Because appellant was stripped of his status as a noncommissioned officer as an incident of his pretrial confinement, making the conditions of confinement more onerous, we hold that the military judge’s decision to apply Suzuki credit against the lesser sentence provided for in the pretrial agreement was consistent with Rock.
4. Application of Allen Credit
The parties agree that appellant was entitled to day-for-day credit (.Allen credit) for 102 days of pretrial confinement. See Allen, 17 MJ at 128. Under the Rock guidance, such credit must be applied against the lesser of the adjudged sentence or the sentence limitation in the pretrial agreement. Appellant asserts that the Allen credit must be applied against the 202 days of confinement that was announced. The Government asserts that the military judge correctly applied the Allen credit against the eight-month sentence limitation, which is less than the ten-month sentence that was adjudged. In light of our holding that the adjudged sentence provided for ten months of confinement, we hold that the military judge’s decision to apply the Allen credit against the eight-month limitation in the pretrial agreement was consistent with Rock.
5. Computation of “Good Time” Credit
The parties agree that appellant was entitled to 5 days of “good time” credit for each month of confinement, but they disagree on the question whether it should be computed on the basis of the sentence limitation in the pretrial agreement (8 months) or the sentence announced by the military judge and purportedly approved by the convening authority (212 days). Appellant asserts that he was entitled to 40 days of credit, 5 days for each of the 8 months of confinement provided for in the pretrial agreement. The Government asserts that appellant was entitled to five days of credit per month of the approved sentence. Since the convening authority purported to approve a sentence that included confinement for 212 days, the Government asserts that appellant was entitled to, at most, 21.5 days of good time.[3] The Court of Criminal Appeals concluded that appellant had 50 days of post-trial confinement to serve after sentence was imposed, less good time of 21.5 days.[4] The court below conclud *263 ed that appellant was released from confinement one day early.
We need not resolve the disagreements about the computation of good time. The UCMJ and the Manual for Courts-Martial make no provision for good time credit. The responsibility for determining how much good time credit, if any, will be awarded is an administrative responsibility, vested in the commander of the confinement facility. See Air Force Joint Instruction 31-215, Military Sentences to Confinement (November 1964); see also Air Force Instruction 31-205, The Air Force Corrections System (April 9, 2001). Military penal practice parallels federal civilian practice, which vests responsibility for decisions regarding good time credit in the prison warden. See 18 USC § 4161; 28 CFR Part 523 (2001).[5] Before a civilian prisoner may obtain judicial review of a decision regarding good time credit, the prisoner must exhaust all available administrative remedies. Judicial review of disputes about good time credit occurs only upon application for an extraordinary writ, not on direct review of the sentence. See generally United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (review of pretrial confinement credit); Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (review of good time determination).
Because appellant has been released from confinement, the only issue is whether he is entitled to sentence relief to compensate him for illegal post-trial confinement from December 10 to December 27, 1999. We hold that, even if appellant should have been released from confinement on December 10 instead of December 27, the additional days of confinement do not warrant granting his request to set aside his bad-conduct discharge. See RCM 305(k) (limiting remedies for unlawful pretrial confinement to credits against confinement, hard labor without confinement, restriction, fine, and forfeiture of pay); United States v. Rosendahl, 53 MJ 344, 348 (2000) (appellant not entitled to have punitive discharge set aside as credit for “relatively short” period of pretrial confinement where no post-trial confinement was adjudged; punitive discharge is “qualitatively different” from confinement); see also United States v. Smith, 56 MJ 290 (2002) (no constitutional, statutory, or regulatory right to have punitive discharge set aside as credit for pretrial confinement where no post-trial confinement was adjudged).
6. Application of Credits in Future Cases
This case illustrates that, even after Rock, there is some confusion about the application of confinement credits when a pretrial agreement is involved. Furthermore, we recognize that applying confinement credit against the adjudged sentence in cases where there is a pretrial agreement can produce anomalous results, and it can deprive an appellant of meaningful relief for egregious violations of Article 13 or RCM 305. If credits for such violations are applied against the adjudged sentence instead of the lesser sentence required by the pretrial agreement, then in some situations, an accused may not receive meaningful relief if the sentence reduction under the pretrial agreement is greater than the credit awarded for the violation. See Rock, 52 MJ at 157-58 (Effron, J., concurring in part and in the result). This Court’s Suzuki decision contemplates effective, meaningful relief. 14 MJ at 493. Accordingly, in order to avoid further confusion and to ensure meaningful relief in all future eases after the date of this decision, this Court will require the convening authority to direct application of all confinement credits for violations of Article 13 or RCM 305 and *264 all Allen credit against the approved sentence, ie., the lesser of the adjudged sentence or the sentence that may be approved under the pretrial agreement, as further reduced by any clemency granted by the convening authority, unless the pretrial agreement provides otherwise.[6]

DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

. The granted issues are:
I. WHETHER THE MILITARY JUDGE ERRED IN THE MANNER IN WHICH HE CREDITED APPELLANT WITH ADDITIONAL TIME AGAINST CONFINEMENT BECAUSE OF ILLEGAL PRETRIAL PUNISHMENT IN VIOLATION OF ARTICLE 13, UCMJ.
II. WHETHER THE MILITARY JUDGE ERRED IN INCREASING APPELLANT’S SENTENCE AFTER ANNOUNCEMENT.
III. WHETHER THE ADJUDGED BAD-CONDUCT DISCHARGE SHOULD BE DISAPPROVED BECAUSE OF ILLEGAL POST-TRIAL CONFINEMENT.

. All provisions of the Manual are the same as those in effect at the time of trial.

. The Government’s calculation is as follows:
Appellant entered pretrial confinement on 19 August 1999, Keesler time, 20 August 1999 Osan time. By virtue of crossing the international dateline, Appellant lost a day. That is, he spent 24 fewer hours in confinement because one calendar day was removed from his calendar. He left confinement on 27 December 1999. Therefore, he served four months and seven days in confinement. Someone sentenced to less than 1 year in confinement is entitled to five days per month good time. Therefore, for the four full months he served, Appellant was entitled to 20 days. (4x5 = 20). The residual seven days, according to the table found on page 9 of [Air Force Regulation 125-30] provide Appellant with one additional day. The Air Force Court granted another half day without explanation. However, given Appellant's crossing of the international dateline, provision of the half day was arguably equitable.
Final Brief at 12 n. 3.

. The Court of Criminal Appeals’s, 2001 WL 506631, calculation was as follows:
304 days of confinement determined by the Judge
-92 days for RCM 305(k) credit
212 days of confinement
*263 -102 days for Allen credit
110 days
— 60 days (Difference between the judge’s basis for confinement and the limitation on confinement in the Pretrial Agreement)
50 days of confinement
— 21.5 days credit for good time served
28.5 days of confinement to be served
Unpub. op. at A7.

. The statutory basis for good time credit in federal civilian facilities was repealed for offenses committed on or after November 1, 1987. Pub.L.No. 98-473, Title II, § 218(a)(4), 98 Stat. 2027 (1984).

. With respect to the possibility that an accused might seek to obtain double credit—once when negotiating a pretrial agreement and again when asking for credit at trial, we note that a convening authority may insist that the pretrial agreement preclude a double credit. For example, when a pretrial agreement includes a confinement cap that includes a defense-requested credit, the convening authority may require that the agreement provide that any similar credit ordered by the military judge will be applied against the adjudged sentence, not the sentence cap in the pretrial agreement.