ERDMANN, Judge
(special concurrence):
I write separately solely to note an issue that was not raised in this case but which may have an impact on this area of the law absent legislative or administrative clarification. This court has held that “[t]he proper applications of credit for illegal pretrial punishment and lawful pretrial confinement are questions of law, reviewed de novo.” United States v. Spaustat, 57 M.J. 256, 260 (C.A.A.F. 2002). As a question of law, therefore, whether an accused has been subject to illegal pretrial punishment and, if so, the appropriate credit for such illegal pretrial punishment, could be viewed as issues solely for the military judge.
On the other hand, this court has recognized that an accused seeking relief from alleging pretrial punishment has a tactical decision to make — presenting the evidence of illegal pretrial punishment to the members or asking the military judge for specific relief under Article 13. United States v. Southwick, 53 M.J. 412, 416 (C.A.A.F 2000); United States v. Tanksley, 54 M.J. 169, 177 *254 (C.A.A.F.2000).[1] In Inong, we addressed a situation where the appellant did not seek Article 13 relief from the military judge but raised the issue of illegal pretrial punishment to the members during his sentencing case. 58 M.J. at 462-63. The appellant then requested Article 13 sentencing credit from the CCA on appeal. In holding that Inong was not entitled to Article 13 relief we noted:
[A]n appellant is not entitled to sentence credit on appeal for what is alleged to have been illegal pretrial punishment or confinement if such relief was not sought at trial, but instead, a tactical decision was made to use the complained of condition as a means of obtaining a lesser adjudged sentence. Southwick, 53 M.J. at 416; Tanksley, 54 M.J. at 177.
Id. at 463.
The “tactical decision” discussed in these cases appears to be whether to request specific Article 13 relief from the military judge or to present the underlying facts of the illegal pretrial punishment to the members for consideration in determining an appropriate sentence. If, however, an accused were free to pursue both forums, there would be no tactical decision to make. While not specifically discussed in these cases, the underlying rationale for such a rule may be that if an accused opts to pursue an Article 13 motion before the military judge, the matter has been properly litigated. If the accused is then permitted to present the same evidence in his sentencing case he is re-litigating the legal issue already decided by the military judge and creating the potential for being credited twice for the same government conduct.
I take no position on this matter as it is unnecessary for resolution of the case before us, but in the absence of legislative or administrative clarification, I merely note the issue until it is properly presented to the court.

. To the extent that Southwick and Tanksley established a “tantamount to affirmative waiver” rule for asserted violations of Article 13 raised for the first time on appeal, they were overruled by United States v. Inong, 58 M.J. 460, 464 (C.A.A.F.2003).