# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JACOB M. MILLER**
**United States Army, Appellant**

ARMY 20180101

Headquarters, 2d Infantry Division
Wendy P. Daknis, Military Judge
Colonel Christopher A. Kennebeck, Staff Judge Advocate

For Appellant: Colonel Elizabeth G. Marotta, JA; Lieutenant Colonel Tiffany Pond, JA; Captain Joseph Borland, JA; Captain Augustus Turner, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Hannah E. Kaufman, JA; Lieutenant Colonel Teresa T. Phelps, JA (on brief).

22 November 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

RODRIGUEZ, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of disrespect towards a superior commissioned officer, two specifications of disrespect towards a noncommissioned officer, two specifications of resisting apprehension, two specifications of assault upon military police officers in the execution of their duties, two specifications of using indecent language, and one specification of drunk and disorderly conduct, in violation of Articles 89, 91, 95, 128, and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 889, 891, 895, 928, 934 (2012). The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1, and credited appellant with

573 days against the sentence to confinement. The convening authority approved the sentence, credited appellant with 573 days against the sentence to confinement, and deferred adjudged forfeitures until initial action on 28 November 2018.

This case is before us for review pursuant to Article 66, UCMJ. Appellant asserts that the staff judge advocate (SJA) deprived appellant of an opportunity for meaningful post-trial relief by failing to apprise the convening authority of his duty to apply excess confinement credit to the adjudged forfeitures pursuant to Rule for Courts-Martial [R.C.M.] 305. Appellant asks that we either return this case for a new review and action or, alternatively, apply 392 days of administrative credit against the adjudged forfeitures.

## DISCUSSION

Appellant's offenses stem from two drunken interactions with Military Police officers from Camp Humphreys, Korea on 17 December 2016 and again on 17 July 2017.

On 18 December 2016, after the first incident, appellant's commander imposed various restrictions on appellant, to include posting a guard outside of his barracks room and requiring an escort any time appellant left his room. These restrictions continued through 11 March 2017, at which time the restrictions were lifted so that appellant could participate in a field exercise. Later, on 6 September 2017, appellant's command placed appellant in pretrial confinement after appellant repeatedly violated restrictions on his off-post privileges. While in pretrial confinement, appellant's command failed to obtain properly fitted uniforms for appellant, failed to attend to some of appellant's dental needs, and, generally, failed to check up on appellant.

At trial, the military judge found the restrictions placed on appellant from 18 December 2016 through 11 March 2017 were tantamount to confinement and awarded appellant 83 days of *Mason* credit.[1] The military judge also determined appellant's treatment during this time amounted to illegal pretrial punishment under Article 13, UCMJ, and awarded appellant 3 days of credit for every day of restriction, or an additional 249 days. The military judge awarded appellant 181 days of *Allen* credit[2] for the period of pretrial confinement. Finally, the military judge awarded 60 additional days of credit for Article 13, UCMJ, violations that

---

[1] *United States v. Mason,* 19 M.J. 274 (C.M.A. 1985).

[2] *United States v. Allen,* 17 M.J. 126 (C.M.A. 1984).

occurred during appellant's pretrial confinement.[3] In total the military judge credited appellant with 573 days against any sentence to confinement, 309 days of which were awarded for illegal pretrial punishment.

Given the adjudged sentence to confinement of six months, appellant never returned to confinement after his trial adjourned. After trial, appellant used 72 days of accrued leave and thereafter was placed on voluntary excess leave. As the convening authority deferred forfeitures, appellant never forfeited any pay or allowances.

Whether credit for illegal pretrial punishment was properly applied is a question we review de novo. *United States v. Spaustat*, 57 M.J. 256, 260 (C.A.A.F. 2002). Appellant asserts a plain reading of R.C.M. 305(k) compels the convening authority or, alternately, this court, to apply the excess of confinement credit against the sentence of forfeiture of all pay and allowances. We agree. Accordingly, as a matter of judicial economy, we set aside that portion of appellant's sentence as applies to forfeiture of all pay and allowances.[4, 5]

---

[3] We note the military judge, in her findings, was silent as to whether the government's action – or inaction – was intended to punish appellant. "[A] finding of [punitive] intent is a threshold requirement for finding a violation of Article 13, UCMJ." *United States v. Alston*, 75 M.J. 875, 885 (Army Ct. Crim. App. 2016). Our superior court has rejected the notion that "punitive effect" is sufficient for triggering Article 13, UCMJ, without a finding of punitive intent. *Howell v. United States*, 75 M.J. 386, 393-94 (C.A.A.F. 2016). This issue, however, does not affect our resolution of this case, as even without these 60 days of credit, appellant's Article 13, UCMJ, credit exceeded his adjudged sentence to confinement. We raise this issue to underscore the requirement for a military judge to clearly articulate a government intent to punish prior to awarding Article 13, UCMJ, credit.

[4] Although appellant never experienced any forfeiture of pay or allowances, our action serves to remove this question from this case.

[5] We note R.C.M. 305(k) does not provide the exclusive remedies for an Article 13, UCMJ, violation. *United States v. Zarbatany*, 70 M.J. 169, 170 (C.A.A.F.). Where an Article 13, UCMJ, violation occurs, we must provide meaningful relief, "provided such relief is not disproportionate in the context of the case, including the harm an appellant suffered and the seriousness of the offenses of which he was convicted." *Id.* at 177. We agree with the government that setting aside appellant's bad-conduct discharge would be disproportionate to any harm suffered by appellant due to the Article 13, UCMJ, violation given the nature and seriousness of his offenses.

## CONCLUSION

The findings of guilty are AFFIRMED. We AFFIRM only so much of the sentence extending to a bad-conduct discharge and reduction to the grade of E-1.

Senior Judge BURTON and Judge FLEMING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court