# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and WEIS[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant LUAVASA F. TAUALA, JR.**
**United States Army, Appellant**

ARMY 20140658

Headquarters, 7th Infantry Division
David L. Conn, Military Judge (arraignment)
Andrew J. Glass, Military Judge (pretrial motions)
Jeffery D. Lippert, Military Judge (trial)
Lieutenant Colonel Michael S. Devine, Staff Judge Advocate (pretrial)
Colonel Robert F. Resnick, Staff Judge Advocate (post-trial)


For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Amanda R. McNeil, JA (on brief); Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Amanda R. McNeil Williams, JA (reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).


17 August 2016

------------------------------------
OPINION OF THE COURT
------------------------------------

PENLAND, Judge:

A panel of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of assault consummated by a battery, aggravated assault with a force likely to produce death or grievous bodily harm,[2] perjury, and

---

[1] Judge WEIS took final action in this case while on active duty.

[2] Appellant pleaded guilty to the lesser-included offense of assault consummated by a battery, in violation of Article 128, UCMJ, and failure to obey a lawful order in violation of Article 92, UCMJ. The panel found him guilty of the greater offense, as charged, of aggravated assault.

child endangerment in violation of Articles 128, 131, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 931, and 934 (2012) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of $765.75 per month for six months, and a reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

We review this case under Article 66, UCMJ. Appellant raises one assignment of error meriting discussion and relief. We also discuss and grant relief based on an instructional error not raised by the parties, and we discuss but grant no relief based on illegal pretrial punishment. Finally, we discuss but grant no relief based on a matter personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## BACKGROUND

### A. Perjury

On 29 June 2013, appellant assaulted his wife. He was charged with, *inter alia*, aggravated assault upon AT "by striking her head with a force likely to produce death or grievous bodily harm, to wit: striking her head against a metal oven door." Appellant was also charged with perjury, based on his submission of a false declaration in a state court proceeding related to this abuse. The government alleged the following under Article 131(2), UCMJ:

> In that [appellant], U.S. Army, did, at or near Tacoma, Washington, on or about 10 July 2013, in a judicial proceeding, and in a declaration under penalty of perjury pursuant to section 1746 of title 28, United States Code, willfully and corruptly subscribe a false statement material to the matter of inquiry, to wit: "In this process she bumped her head, resulting in a bruise[]," which statement was false in that Mrs. [AT]'s facial injuries resulted from the [appellant] striking her in the head against an oven, and which statement he did not then believe to be true.

At trial, defense counsel moved to dismiss the perjury charge and specification under Rule for Court-Martial [hereinafter R.C.M.] 917, asserting the government had offered no evidence to establish that appellant's declaration had been made under 28 U.S.C. § 1746. Before denying the motion, the military judge had the following exchange with defense counsel:

2

MJ: I will suggest the first thing first. This is not a lawful general order regulation in which you need to establish its existence. The actual title in code is stated in the offense. It's there. It is taken as a fact that it is in existence. The government does not have to prove to anybody that 28 U.S.C. 1746 exists.

ADC: Your Honor, I apologize. What I was saying that the statement was made in accordance with that particular United States Code section.

MJ: They don't have to prove that either. Again, it's a matter of law. That's not something you have to prove. I either find that it is or isn't. Or, it doesn't even have to be found. Once it's charged that way, you take a look at the statement and if it's a sworn statement or it's a declaration in accordance with that, it fits. You don't have to prove that.

[. . . .]

MJ: I understand you're reading the words under penalty of perjury as permitted under Section 1746 of Title 28 to be conjunctive with declaration, certificate, and verification. I'm not.

### B. Instruction For Aggravated Assault

After the presentation of evidence on the merits of the case, the military judge gave the following instruction regarding the meaning of "likely" in an aggravated assault:

The likelihood of death or grievous bodily harm is determined by measuring two factors. Those two factors are first, the risk of the harm, and two, the magnitude of the harm. In evaluating the risk of the harm, the risk of death or grievous bodily harm must be more than merely a fanciful, speculative, or remote possibility. In evaluating the magnitude of the harm, the consequence of death or grievous bodily harm must be at least probable and not just possible, or in other words, death or grievous bodily harm would be a natural and probable consequence of the accused's acts.

*C. Illegal Pretrial Punishment*

Before trial, appellant sought relief for illegal pretrial punishment, based on a 2 December 2013 encounter with Colonel (COL) LZ, his brigade combat team commander and the special court-martial convening authority in this case. In the motion hearing, appellant testified that COL LZ visited his company area toward the end of the morning's physical training. Appellant testified that he informed COL LZ he was awaiting court-martial for domestic violence, to which COL LZ responded, "So you like to beat on women?" Sergeant First Class (SFC) TM, an objective and disinterested witness, testified and confirmed appellant's account of the conversation. Colonel LZ also testified and denied making such a remark, saying, "Oh, never, ever would I say that."

Ruling on the motion, the military judge found that COL LZ actually made the remark and characterized it as "injudicious and not in keeping with the aspirational goal, Army goal, of treating all persons . . . with dignity and respect." The military judge continued:

> However, notwithstanding the above findings, I do not find that [COL LZ]'s statement was made with the intent to punish the accused, nor was it made with the intent to place any particular stigma or stigmatize him in any way. I find that [COL LZ]'s statement was an off-hand statement made in the moment of recognition of who the accused was, and of the fact that the accused had been charged with an assault on his own wife. I find that, at worst, [COL LZ]'s reactive statement was an awkward attempt to diffuse [sic] an awkward situation. I find credible [SFC TM]'s testimony that he believed [COL LZ] could have been joking, although I find that such a joke was inappropriate under the circumstances as stated above.
>
> I must reiterate that this statement by [COL LZ] to the accused was not made in a public forum, such as a formation or a gathering of the public or other Soldiers in which more than one person, that is the accused, could have heard it. Accordingly, I find that there was no attempt to stigmatize the accused or to punish.
>
> I conclude, therefore, that because [COL LZ]'s statement was not intended to punish the accused or to stigmatize him, it did not violate the strictures of Article 13. . . .

### D. *Post-trial Processing*

After announcement of findings and sentence, defense counsel submitted matters on 29 December 2014. The authenticated record of trial and the staff judge advocate's recommendation were delivered to appellant's confinement facility on 5 January 2015; the convening authority took action the same day without receiving additional matters from appellant.

## LAW AND DISCUSSION

### A. *Perjury under Article 131(2)*

The Specification of Charge III alleges perjury in violation of Article 131(2), UCMJ. This Article in pertinent part contains the following:

> [Any person subject to this chapter who in a judicial proceeding or in a course of justice willfully and corruptly] in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, subscribes any false statement material to the issue or matter of inquiry [is guilty of perjury and shall be punished as a court-martial may direct.]

28 U.S.C. § 1746 contains the following:

> Whenever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form. . . .

Appellant now argues his perjury conviction is legally insufficient, a question we review de novo. This is a case of first impression, for neither party cites, nor can we find, a military case interpreting the application of Article 131(2). Turning to

the text of Article 131(2), we first conclude the law's phrase "as permitted by section 1746 of title 28, United States Code" modifies not just "statement." The phrase also modifies the previous words, "declaration, certificate, verification." In our view, this is the code's plain meaning, particularly when we compare it to section 1746's text, "declaration, certificate, verification, or statement. . . ."

We also find persuasive appellate defense counsel's argument regarding the scope of 28 U.S.C. § 1746: the statute describes and permits a method for bringing information to a federal court. *See In re Squire*, 2012 U.S. Dist. LEXIS 38777 (S.D. Ohio 2012); *Toledo Bar Association v. Neller*, 809 N.E.2d 1152, 1153 (Ohio 2004).

Considering the federal scope of 28 U.S.C. § 1746, we hold Article 131(2)'s punitive reach is similarly limited to falsely subscribed matters submitted in a federal proceeding.

## B. Instructional Error

The instructions regarding aggravated assault were incorrect, because the panel was informed "the risk of death or grievous bodily harm must be more than merely a fanciful, speculative, or remote possibility." Our superior court has held such a definition of risk is erroneous. *United States v. Gutierrez*, 74 M.J. 61, 66 (C.A.A.F. 2015) ("The ultimate standard, however, remains whether--in plain English--the charged conduct was 'likely' to bring about grievous bodily harm."). The question of whether appellant's misconduct was "likely" to grievously injure AT was central to the parties' dispute regarding the allegation of aggravated assault.

A military judge's "[f]ailure to provide correct and complete instructions to the panel before deliberations begin may amount to a denial of due process." *United States v. Killion*, 75 M.J. 209, 213 (C.A.A.F. 2016) (quoting *United States v. Wolford*, 62 M.J. 418, 419 (C.A.A.F. 2006)). Here, we find the instructional error amounted to a denial of due process, because it incorrectly described an element of aggravated assault and undercut the defense's presentation of evidence and argument regarding the likelihood of death or grievous bodily harm. Therefore, we must assess whether this constitutional error was harmless beyond a reasonable doubt. *Wolford*, 62 M.J. at 420 (citing *United States v. Kreutzer,* 61 M.J. 293, 298 (C.A.A.F. 2005)). We conclude the error resulted in prejudice, for we cannot be confident under the facts and circumstances that the error did not contribute to the panel's finding appellant guilty of Specification 2 of Charge I.

## C. Illegal Pretrial Punishment.

Article 13, UCMJ, provides, in pertinent part: "No person while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him. . . ." This prohibition is not limited to

unlawful punishment levied against an accused in pretrial confinement; it extends to degrading comments made toward or about an accused. *United States v. Cruz*, 25 M.J. 326, 330 (C.M.A. 1987).

In *Howell v. United States*, __ M.J.__, 2016 CAAF LEXIS 592 (19 July 2016), our superior court restated the necessary inquiry for evaluating whether government action amounts to illegal pretrial punishment:

> [T]he question of whether particular conditions amount to punishment before trial is a matter of intent, which is determined by examining the purposes served by the restriction or condition, and whether such purposes are "reasonably related to a legitimate governmental objective."

> [I]n the absence of a showing of intent to punish, a court must look to see if a particular restriction or condition, which may on its face appear to be punishment, is instead but an incident of a legitimate nonpunitive governmental objective.

*Id*. at *18 (citing *United States v. Palmiter*, 20 M.J. 90, 95 (C.M.A. 1985); quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)) (alteration in original).

Following our superior court's reasoning in *Howell*, we consider whether COL LZ intended to punish appellant with his remark and, if not, whether he made it in furtherance of a legitimate nonpunitive government objective.

Assuming, *without deciding*, that COL LZ did not intend to punish appellant and, instead, intended the remark as a nonpunitive joke, we find as a matter of law that there was no legitimate government objective served in making it. Indeed, we are unfamiliar with any principle of law to support the military judge's tacit conclusion that such awkward remarks or jokes tend to be nonpunitive. The military judge abused his discretion in ruling appellant was not illegally punished.[3]

In *United States v. Zarbatany*, 70 M.J. 169, 177 (C.A.A.F. 2011), our superior court held "that meaningful relief for violations of Article 13, UCMJ, is required, provided such relief is not disproportionate in the context of the case, including the harm an appellant may have suffered and the seriousness of the offenses of which he

---

[3] The military judge's findings of fact were also clearly erroneous in part, for he said COL LZ's remark "was not made in a public forum, such as a formation or a gathering of the public or other [s]oldiers in which more than one person, that is the accused, could have heard it." Sergeant First Class TM heard the remark.

was convicted." Aside from brief testimony during the motion session that appellant was angered and upset by COL LZ's comment, we can identify no additional resultant harm. We also consider appellant's offenses to be very serious ones. Under the facts and circumstances, any relief based on the illegal pretrial punishment in this case would be disproportionate and effectively grant a windfall to appellant. We reach this conclusion "independent of [our] appropriateness review." *Id.*

### D. Post-trial Processing

Defense counsel submitted clemency matters on appellant's behalf on 29 December 2014. The authenticated record of trial and staff judge advocate's recommendation were delivered to appellant's place of confinement on 5 January 2015, and appellant received them on or a few days after that day. The clemency matters included, *inter alia*, an unsigned letter from appellant to the convening authority and appellant's 9 December 2014 request for an administrative separation in lieu of court-martial. The submissions included no reservation of the right to submit additional matters. Appellant does not allege his counsel was ineffective, nor does he allege his counsel failed to obtain his permission before submitting these matters to the convening authority.

On 5 January 2015, the staff judge advocate also signed an addendum responding to the clemency matters. The convening authority approved the sentence the same day.

Appellant now personally asserts he was deprived of the opportunity to meaningfully participate in the post-trial clemency process. We disagree.

R.C.M. 1105(a) provides: "After a sentence is adjudged in any court-martial, the accused may submit matters to the convening authority in accordance with this rule." R.C.M. 1105(c)(1) further provides, "the accused may submit matters under this rule within the later of 10 days after a copy of the authenticated record of trial or, if applicable, the recommendation of the staff judge advocate. . . ." However, R.C.M. 1105(d)(2) states: "[s]ubmission of any matters under this rule shall be deemed a waiver of the right to submit additional matters unless the right to submit additional matters within the prescribed time limits is expressly reserved in writing."

The convening authority committed no error in taking action on 5 January 2015. With his unreserved submissions on 29 December 2015, appellant waived the sight to submit additional matters. We also note appellant has not described any attempt to submit additional matters within the ten-day period after receiving the record and recommendation; and, he does not now describe additional matters he desired to submit.

**CONCLUSION**

We affirm only so much of the finding of guilty of Specification 2 of Charge I as provides for the lesser-included offense of assault consummated by a battery, in violation of Article 128, UCMJ.

The findings of guilty of Charge III and its Specification are set aside; Charge III and its Specification are dismissed.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986), we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, forfeiture of $765.00[4] per month for six months and a reduction to E1. We recognize our decision changes the penalty landscape, reducing the maximum confinement from ten years to two years and six months. We also recognize appellant elected a panel trial. However, the nature of the remaining offenses captures the gravamen of appellant's crimes: multiple instances of assault consummated by a battery upon his wife, endangering their children in the process; and failing to obey his commander's order to have no contact with his wife. We have experience with sentences resulting from cases such as these, and, based on the affirmed findings of guilty, we are confident the panel would have adjudged a sentence at least as severe as that which we affirm. We further find the affirmed sentence not inappropriately severe and purged of any taint from the errors described herein.

All rights, privileges, and property, of which appellant has been deprived by virtue of this decision setting aside portions of the findings of guilty and reassessing the sentence, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Senior Judge CAMPANELLA and Judge WEIS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[4] R.C.M. 1003(b)(2) provides "[u]nless a total forfeiture is adjudged, a sentence to forfeiture shall state the exact amount in *whole* dollars to be forfeited each month and the number of months the forfeitures will last." (emphasis added).