# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class NICHOLAS E. WHITE**
**United States Army, Appellant**

ARMY 20140945

Headquarters, United States Army Japan & I Corps (Forward)
Mark A. Bridges, Military Judge
Colonel Alvin P. Wadsworth Jr., Staff Judge Advocate (pre-trial)
Lieutenant Colonel Kent Herring, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano. JA; Captain Heather L. Tregle, JA; Captain Joshua G. Grubaugh, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Anne C. Hsieh, JA (on brief).

7 September 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HERRING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of assault consummated by a battery and obstruction of justice, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for three months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error, one of which requires discussion but no relief.[*] Appellant asserts the Staff Judge Advocate's Recommendation (SJAR) was not served on him or his defense counsel prior to the convening authority taking action on appellant's case. Although we do find this failure to be error, it does not warrant relief under the facts of this case as appellant suffered no prejudice.

---

[*] The assignment of error personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), is without merit.

## BACKGROUND

Appellant was sentenced on 12 December 2014. He was served with the authenticated record of trial on 18 May 2015. The SJAR, which would normally accompany the authenticated record of trial, does not appear to have been served in this case at that time.

Defense counsel proceeded as if the SJAR had been properly served on appellant, and on 26 May 2015, he requested an additional twenty days to submit clemency matters "and respond to the Staff Judge Advocate's recommendation." Appellant's case file contains no SJAR preceding this request for an extension. Despite this, appellant's request was granted by the Staff Judge Advocate (SJA) and appellant filed his matters pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 1105 on 18 June 2015. In addition to other clemency matters, the submission included a request for a post-trial discharge pursuant to Army Reg. 635-200, Personnel Separations: Active Duty Enlisted Administrative Separations, Chapter 10 (6 June 2005)(rapid action revision 6 Sep. 2011). The submission did not contain any express reservation of the right to submit additional matters.

On 19 June 2015 the SJA signed the "SJAR." There is no evidence in the record of trial that the SJAR was ever served on appellant or his trial defense counsel. Further, given the sequence of events, there apparently was no addendum to the SJAR. The convening authority took action the same day, without giving appellant a chance to submit any additional matters in response to the SJAR.

## LAW

R.C.M. 1105(a) provides: "After a sentence is adjudged in any court-martial, the accused may submit matters to the convening authority in accordance with this rule." R.C.M. 1105(c)(1) further provides, "the accused may submit matters under this rule within the later of 10 days after a copy of the authenticated record of trial or, if applicable, the recommendation of the staff judge advocate. . . ." However, R.C.M. 1105(d)(2) states: "[s]ubmission of any matters under this rule shall be deemed a waiver of the right to submit additional matters unless the right to submit additional matters within the prescribed time limits is expressly reserved in writing." *See e.g. United States v. Tauala*, 75 M.J. __, 2016 CCA LEXIS 498, at *13-14 (Army Ct. Crim. App. 17 Aug. 2016).

Although the appellant should have been served with the SJAR, the convening authority committed no error in taking action on 19 June 2015. Appellant waived the right to submit additional matters when he submitted matters on 18 June 2015 without expressly reserving the right to submit additional matters.

**CONCLUSION**

Finding no prejudice to the appellant by failing to serve him with the SJAR, the findings and sentence as adjudged and approved by the convening authority are AFFIRMED.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court