*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Alan S. GUARDADO, Master Sergeant**
United States Army, Appellant

**No. 19-0139**

Crim. App. No. 20140014

Argued October 23, 2019—Decided January 15, 2020

Military Judge: Jacob D. Bashore

For Appellant: *Robert Feldmeier*, Esq. (argued); *Captain Rachele A. Adkins* and *Captain Joseph C. Borland* (on brief); *Major Todd W. Simpson*.

For Appellee: *Captain Allison L. Rowley* (argued); *Colonel Steven P. Haight*, *Lieutenant Colonel Wayne H. Williams*, and *Major Catharine M. Parnell* (on brief).

Judge SPARKS delivered the opinion of the Court, in which Chief Judge STUCKY and Judges RYAN and MAGGS joined. Judge OHLSON filed a separate dissenting opinion.

————————

Judge SPARKS delivered the opinion of the Court.

Appellant claims that the military judge erred in denying his motion for confinement credit under Article 13, UCMJ, 10 U.S.C. § 813, for the Government's failure to restore him to his original pay status pending his rehearing results. The military judge found paying Appellant as an E-1 was not punishment, but rather the result of the Defense Finance and Accounting Service (DFAS) following binding judicial authority to pay an accused pending the results of the rehearing. We agree.

## Background

In 2014, Appellant, then a master sergeant (E-8) in the Army, was convicted in a general court-martial with enlisted representation of one specification of aggravated sexual contact with a child, three specifications of indecent liberties with a child, three specifications of battery of a child, four

specifications of committing a general disorder, one specification of indecent assault, one specification of indecent acts, and one specification of using indecent language with a child, in violation of Articles 120, 128, and 134, UCMJ, 10 U.S.C. §§ 920, 928, 934 (2000 & Supp. V 2006; 2006; 2006 & Supp. I 2008). *United States v. Guardado*, 77 M.J. 90, 92 (C.A.A.F. 2017). The members sentenced Appellant to confinement for eight years, forfeiture of all pay and allowances, and reduction to pay grade E-1. *Id*. The convening authority approved the sentence as adjudged. *Id*.

In 2016, the lower court "partially affirmed the findings, dismissing several specifications on grounds of multiplicity or unreasonable multiplication of charges." *Id*. Specifically, the lower court "dismissed one specification of assault consummated by a battery upon a child under the age of sixteen and two specifications alleging general disorders under Article 134." *Id*. The lower court "also dismissed one specification of assault consummated by a battery upon a child under the age of sixteen and one specification of indecent assault conditioned on the Specification of Additional Charge I (assault on a child) and Specification 1 of Additional Charge II (indecent act on a child) surviving final judgment as to the legality of the proceedings." *Id*. The lower court "affirmed only so much of the sentence as provided for confinement for seven years and eight months, forfeiture of all pay and allowances, and reduction to pay grade E-1." *Id*.

In 2017, we affirmed several specifications but set aside the finding of guilty to one specification of aggravated sexual contact with a child and two specifications of committing a general disorder. *Id*. at 94–96. We set aside the sentence, and authorized a rehearing on the specification of aggravated sexual contact with a child and the sentence. *Id*. at 96.

In accordance with DFAS policy, Appellant was paid as an E-1 when he was returned to duty pending his rehearing. In response, Appellant filed an Article 13, UCMJ, motion averring that *Howell v. United States*, 75 M.J. 386 (C.A.A.F. 2016), bound the Government to restore him to his original E-8 pay status while he awaited rehearing.[1] In support of his

---

[1] In *Howell*, 75 M.J. at 392, we stated "if an accused is released from confinement awaiting rehearing, his pay status—at least insofar as the Uniform Code of Military Justice is concerned—should be the same as if he had never been tried in the first instance."

motion, Appellant attached a memorandum from Jennifer Riley, Assistant Counsel in the DFAS Office of General Counsel, stating that the United States Court of Federal Claims and the United States Court of Appeals for the Federal Circuit interpretation of Article 75, UCMJ, 10 U.S.C. § 875, bound DFAS to pay Appellant as an E-1 pending his rehearing results.[2] Specifically, DFAS was bound to follow those courts' pay entitlement decisions, as opposed to this Court's holding in *Howell*, because those courts had jurisdiction over military pay disputes. The military judge denied Appellant's motion, finding DFAS's policy was not intended to punish Appellant and the policy served a legitimate, nonpunitive governmental objective of providing Appellant with the proper pay pending rehearing.

On March 15, 2018, a military judge sitting as a general court-martial acquitted Appellant of aggravated sexual contact with a child. Following the sentence rehearing for the affirmed specifications, the military judge sentenced Appellant to confinement for fifty-five months, forfeiture of all pay and allowances, and reduction to pay grade E-1. The convening authority approved the adjudged sentence and credited Appellant with 1,465 days of previously served confinement. The lower court affirmed the sentence. *United States v. Guardado*, No. ARMY 20140014, 2018 CCA LEXIS

---

[2] In *Dock v. United States*, 46 F.3d 1083, 1087 (Fed. Cir. 1995), the United States Court of Appeals for the Federal Circuit concluded that Article 75(a), UCMJ:

> [P]lainly requires that, with two exceptions, if a member's court-martial sentence is set aside or disapproved, all rights, privileges, and property are to be restored to the member. The first exception is that a set-aside or disapproved sentence does not undo an already executed dismissal or discharge. The second exception, controlling here, is that if a rehearing is ordered, and the member is resentenced, then only that part of the executed first sentence that is *not* included in the second sentence shall be restored to the member.

Relying upon *Dock*, the United States Court of Federal Claims held in *Combs v. United States*, 50 Fed. Cl. 592, 600 (Fed. Cl. 2001), that when a new trial is conducted, entitlement to restoration of pay is dependent upon the outcome of the new trial.

595, at \*4, 2018 WL 6264370, at \*3 (A. Ct. Crim. App. Nov 23, 2018) (unpublished).

## Law

Article 13, UCMJ, provides in part, "[n]o person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence."

In *Howell*, we restated the necessary inquiry for evaluating whether government action amounts to illegal pretrial punishment:

> [T]he question of whether particular conditions amount to punishment before trial is a matter of intent, which is determined by examining the purposes served by the restriction or condition, and whether such purposes are "reasonably related to a legitimate governmental objective."

> [I]n the absence of a showing of intent to punish, a court must look to see if a particular restriction or condition, which may on its face appear to be punishment, is instead but an incident of a legitimate nonpunitive governmental objective.

75 M.J. at 393 (alterations in original) (quoting *United States v. Palmiter*, 20 M.J. 90, 95 (C.M.A. 1985)).

The question of whether Appellant is entitled to credit for an Article 13, UCMJ, violation is reviewed de novo. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002). It is a mixed question of law and fact, and the military judge's findings of fact will not be overturned unless they are clearly erroneous. *Id*. Appellant bears the burden of proof to establish a violation of Article 13, UCMJ. *Id*.

Article 75(a), UCMJ, provides that "all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved … shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing."

## Analysis

Appellant contends that he is entitled to Article 13, UCMJ, relief because DFAS's decision to pay him as an E-1, as opposed to his E-8 pretrial grade, while he awaited

rehearing was contrary to *Howell* and therefore unreasonable and not in furtherance of a legitimate nonpunitive governmental objective.

In *Howell*, 75 M.J. at 392–93 & n.5, we contradicted precedent from the United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims and held that after rehearing is ordered and the accused is no longer confined, the accused should then receive full restoration of rank and pay. We adhere to this interpretation of Article 75(a), UCMJ, which we continue to believe is correct. However, we never claimed our interpretation of Article 75(a), UCMJ, was binding upon DFAS when resolving military pay disputes. Proper pay determination is not within our statutory jurisdiction, as Congress has specified that the United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims have jurisdiction over such disputes. *See* 28 U.S.C. §§ 1491(a), 1295(a)(3) (2012). Instead, we recognized our interpretation of Article 75(a), UCMJ, was at odds with those courts, and urged Congress and the President to establish rules that clarified this aspect of Article 75(a), UCMJ. *Howell*, 75 M.J. at 392 n.5. In the 2017 National Defense Authorization Act, Congress did just that when it amended Article 75, UCMJ, to allow the President to determine by regulation the pay of servicemembers after the executed portion of their court-martial is set aside. National Defense Authorization Act for Fiscal Year 2017, Pub. L. No. 114-328, § 5337, 130 Stat. 2000, 2937 (2016). On March 1, 2018, the President amended Rule for Courts-Martial (R.C.M.) 1208(b) to require pay at the pretrial grade while an accused awaits a rehearing. Exec. Order No. 13,825, 83 Fed. Reg. 9889, 10,062 (Mar. 8, 2018) (effective Jan. 1, 2019). The President could have made this change effective immediately, but he instead chose not to make it effective until January 1, 2019—after Appellant's rehearing.[3] *Id.* at 9890.

The ultimate question in this case is whether DFAS's payment of Appellant at the E-1 rate, contrary to this Court's interpretation of Article 75(a), UCMJ, but in accordance with the United States Court of Appeals for the Federal Circuit and United States Court of Federal Claims's interpretation of

---

[3] Jennifer Riley's memorandum states that once the legislative change is effective and R.C.M. 1208(b) has been revised, DFAS's practice will change to comply with these authorities.

Article 75(a), UCMJ, was "punishment" within the meaning of Article 13, UCMJ. The answer to this question depends on whether DFAS's action was "an incident of a legitimate nonpunitive governmental objective" and occurred "in the absence of a showing of intent to punish." *Howell*, 75 M.J. at 393 (internal quotation marks omitted) (citation omitted). We hold that DFAS's reliance on legal precedent from the United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims interpreting Article 75(a), UCMJ, serves a legitimate nonpunitive governmental objective in light of the jurisdiction of those courts to adjudicate military pay disputes. Although it is within this Court's statutory authority to interpret Article 75(a), UCMJ, to determine whether an Article 13, UCMJ, violation occurred, as we did in *Howell*, we do not have jurisdiction to adjudicate military pay disputes. Thus, our interpretation of Article 75(a), UCMJ, in *Howell* was not binding on DFAS in this instance. Accordingly, DFAS's pay determination was not intended to punish Appellant and the policy serves a legitimate, nonpunitive governmental objective to provide proper pay pending rehearing. The military judge's findings of fact are supported by the record and are not clearly erroneous. His conclusions of law are correct. We, therefore, conclude Appellant is not entitled to relief under Article 13, UCMJ.

## Judgment

The decision of the United States Army Court of Criminal Appeals is affirmed.

Judge OHLSON, dissenting.

In 2014, a general court-martial convicted Appellant, a master sergeant (E-8), of a number of offenses. Part of his sentence was a reduction to the pay grade of E-1. In December 2017, this Court affirmed certain findings but set aside others, set aside the sentence, and authorized a rehearing for one offense and the sentence. Appellant was then released from confinement in January 2018 and he returned to duty.

Between the date that Appellant's sentence was set aside and the date of his rehearing in March 2018, Appellant indisputably was an E-8. And yet, the Defense Finance and Accounting Service (DFAS) intentionally chose to continue paying Appellant as an E-1. This decision by DFAS resulted in a dramatic reduction in pay to Appellant during the relevant time period, and it was untethered to any military justice purpose or action—other than the prior punitive court-martial sentence *that was overturned on appeal and set aside*.

Pursuant to Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2012), Appellant sought confinement credit for the Government's act of paying him at the E-1 pay grade while he was pending a rehearing. However, the military judge ruled that there was no basis to provide Appellant with Article 13, UCMJ, relief and the United States Army Court of Criminal Appeals (CCA) affirmed. The issue is now before us.

Even if this Court does not have the authority to compel DFAS to pay our servicemembers commensurate with their rank, I believe that courts in the military justice system *do* have the authority to grant Article 13, UCMJ, credit to servicemembers caught in the type of pay web created by DFAS in the instant case.[1] Therefore, I respectfully dissent.

Our recent decision in *Howell v. United States,* 75 M.J. 386 (C.A.A.F. 2016), stated: (a) the UCMJ "does not provide for the withholding of pay during the interim period after [an

---

[1] Thankfully, as noted by the majority, the policy has now been changed and DFAS is henceforth required to pay servicemembers based on their restored rank after a sentence has been set aside.

accused's] findings and sentence are set aside, and the accused is returned to full duty status and his previous rank," *id.* at 391; (b) an accused who is paid at a reduced rate after his sentence has been set aside and is pending a rehearing "may suffer an unnecessary hardship, particularly if the accused was previously a senior noncommissioned officer," *id.* at 392; and therefore (c) "if an accused is released from confinement awaiting rehearing, his pay status—at least insofar as the Uniform Code of Military Justice is concerned—should be the same as if he had never been tried in the first instance." *Id.* In light of *Howell*, it is clear that Appellant was entitled to be paid at the E-8 rate pending his rehearing.

The sole question that remains, therefore, is whether the DFAS action in this instance serves as a proper basis to provide Appellant with sentence relief because it constituted pretrial punishment imposed in violation of Article 13, UCMJ. I believe that it does. In *United States v. Fischer*, 61 M.J. 415, 421 (C.A.A.F. 2005), we stated that in determining whether there was illegal pretrial punishment under Article 13, UCMJ, we look not only at whether there was an "intent to punish" the accused, but also at whether the actions of the government had a "punitive effect." Here, the punitive effect was obvious—a drastic reduction in pay from E-8 to E-1 that served no legitimate governmental objective and that was likely to lead to "unnecessary hardship." *Howell*, 75 M.J. at 392. Moreover, a persuasive argument can be made that the action by DFAS also rose to the level of punitive *intent* because DFAS chose to keep in effect the punishment imposed at the initial court-martial—despite the fact that the sentence was set aside.

Under either prong of the *Fischer* test, it is evident that the action by the Government constituted a violation of Article 13, UCMJ. Accordingly, in regard to answering the granted issue, I conclude that the military judge in this case abused his discretion because he was laboring under a misapprehension of the law when he ruled that the action by DFAS did not constitute a basis upon which Appellant could be provided with Article 13, UCMJ, confinement credit. I further conclude that we should remand this case to the CCA for appropriate action consistent with this analysis. Therefore, I respectfully dissent.