# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMAL R. WILLIAMS-MCCRAY**
**United States Army, Appellant**

ARMY 20190137

Headquarters, Fort Campbell
Timothy P. Hayes, Jr. and Matthew A. Calarco, Military Judges
Colonel Andras M. Marton, Staff Judge Advocate

For Appellant: Major Angela D. Swilley, JA; Captain Paul T. Shirk, JA.

For Appellee: Lieutenant Colonel Wayne H. Williams, JA.

16 April 2020

--------------------------------
SUMMARY DISPOSITION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

RODRIGUEZ, Judge:

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant personally asserts that the military judge abused his discretion in denying appellant confinement credit for illegal pretrial punishment.[1] Specifically, appellant asserts

---

[1] A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of two specifications of conspiracy to commit murder, one specification of conspiracy to obstruct justice, one specification of premeditated murder, and one specification of soliciting another to commit murder, in violation of Articles 81, 118, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 918, and 934 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for life, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority

(continued . . .)

the military judge erred in "failing to award [appellant] at least 200 days of credit for illegal pretrial punishment." We briefly discuss appellant's claim for confinement credit below, and find it merits no relief.[2]

## BACKGROUND[3]

In October 2016, appellant was arrested for, among other things, the murder of his ex-wife Private First Class (PFC) SM, an offense to which appellant ultimately pleaded guilty. After his arrest, appellant's company commander ordered appellant into pretrial confinement. As Fort Campbell, Kentucky, does not have its own confinement facility, appellant was held in pretrial confinement at the Montgomery County Jail in Clarksville, Tennessee for 580 days, from 5 October 2016 to 7 May 2018.

At trial, appellant argued that the conditions of his pretrial confinement while at the Montgomery County Jail warranted credit against his sentence to confinement. Specifically, appellant argued, among other things, that while in pretrial confinement he was: (1) "commingled [with] post-conviction inmates;" (2) "housed with non-Army prisoners;" (3) not visited frequently enough by his chain of command; and (4) "forced to pay out-of-pocket for his medical care." The military judge ultimately denied appellant's motion for confinement credit, finding that appellant's confinement conditions were not unduly harsh, and the government did not intend to punish appellant. Appellant asked the military judge to reconsider his ruling denying confinement credit. Upon reconsideration, the military judge again denied appellant's motion for confinement credit.

On appeal, appellant personally asserts that the military judge erred in denying him sentencing credit, and focuses on: (1) appellant's commingling with civilian and post-trial inmates; (2) the infrequency of command visits; and (3) appellant's $70.00 total payment for fourteen medical appointments while in pretrial confinement.

---

(. . . continued)
approved only seventy-five years of appellant's sentence to confinement, and otherwise approved the sentence as adjudged. The convening authority also credited appellant with 877 days against his sentence to confinement.

[2] We have given full and fair consideration to the other two matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, and find they are without merit.

[3] The following limited factual background is all that is necessary to resolve the issue now before us.

Appellant's argument on appeal primarily relies on a different military judge granting confinement credit to appellant's co-accused in a companion case, *United States v. Robinson*, ARMY 20170536.[4] Therein, that military judge granted 200 days of confinement credit to the *Robinson* accused based on facts substantially similar to those at bar. Accordingly, appellant's argument in this case is rooted in an alleged inequity that the *Robinson* accused received confinement credit, while appellant did not.

## LAW AND DISCUSSION

The question of whether an appellant is entitled to credit for illegal pretrial punishment is reviewed de novo. *United States v. Zarbatany*, 70 M.J. 169, 174 (C.A.A.F. 2011) (citation omitted). In ruling on an Article 13, UCMJ, motion, a "military judge's findings of fact will not be overturned unless they are clearly erroneous." *United States v. Fischer*, 61 M.J. 415, 418 (C.A.A.F. 2005) (citation omitted). "Appellant bears the burden of proof to establish a violation of Article 13." *Id.*

Article 13, UCMJ, provides:

> No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

To determine if an Article 13, UCMJ, violation exists, appellate courts consider: (1) whether "the government intend[ed] to punish" appellant; and (2) if there was no intent to punish, whether the government's actions were in furtherance of "a legitimate nonpunitive governmental objective." *Howell v. United States*, 75 M.J. 386, 393 (C.A.A.F. 2016). If an appellant meets his or her burden to establish an Article 13, UCMJ, violation, confinement credit may be awarded to an appellant pursuant to Rule for Courts-Martial [R.C.M.] 305(k). *Zarbatany*, 70 M.J. at 174-75.

In this case, we have not found, nor does appellant assert, any of the military judge's findings of fact are clearly erroneous. Instead, appellant simply argues the

---

[4] We granted appellant's motion to take judicial notice of the *United States v. Robinson*, ARMY 20170536, record of trial, including that military judge's ruling to grant confinement credit to that particular accused.

3

military judge erred in failing to grant appellant confinement credit for the conditions of his pretrial confinement.[5] We disagree.

In his ruling, the military judge found appellant failed to establish the government intended to punish appellant through his pretrial confinement conditions. We agree. We find nothing in the record to suggest the government intended to punish appellant while he was confined at the Montgomery County Jail. Similarly, we agree with the military judge that even if appellant had established an Article 13, UCMJ, violation, he is not entitled to confinement credit because the violations were *de minimis*. *See United States v. Alston*, 75 M.J. 875, 887 (Army Ct. Crim. App. 2017) ("[D]e minimis violations do not require administrative credit.) (citing *United States v. Corteguera*, 56 M.J. 330, 333 (C.A.A.F. 2002)). Accordingly, we find the military judge did not err in denying appellant's request for illegal pretrial confinement credit.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Chief Judge KRIMBILL and Judge FLEMING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[5] Appellant argues we should adopt the ruling from a different military judge from a separate case, *United States v. Robinson*, ARMY 20170536, in our analysis of his case. While we considered and took judicial notice of the other military judge's confinement credit ruling in *Robinson*, we focus our analysis on the military judge's ruling in appellant's case. Doing so, we find the military judge, at bar, did not err in denying appellant confinement credit.