# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re DD,** | ) | **Misc. Dkt. No. 2022-06** |
| *Petitioner* | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| | ) | |
| | ) | **Panel 1** |

On 15 July 2022, Petitioner requested this court issue a writ of mandamus ordering the Chief Military Judge, Air Force Trial Judiciary, to detail a military judge to hear a motion regarding Petitioner's pretrial confinement.

## I. BACKGROUND

Petitioner was ordered into pretrial confinement on 16 June 2022. According to Petitioner, no charges have been preferred. Petitioner does not know when charges will be preferred.[1]

On 12 July 2022, Petitioner submitted a motion for release from pretrial confinement to the Air Force Trial Judiciary, citing, *inter alia*, Article 30a, UCMJ, 10 U.S.C. § 830a.[2] The following day, the Trial Judiciary clerk responded: "The Chief Trial Judge has reviewed your submission and finds the Judiciary has no authority to grant the requested Art[icle] 30a [p]roceeding." Before this court, Petitioner argues the Chief Trial Judge is required to detail a military judge to hear his motion.

## II. LAW

Under Article 66, UCMJ, 10 U.S.C. § 866, we have automatic jurisdiction over cases which involve sentences exceeding certain thresholds or when the Government seeks review, as well as discretionary jurisdiction over certain cases in which an accused requests review. In exercising that jurisdiction, we

---

[1] Petitioner earlier requested we obscure his name due to the fact no charges have been preferred against him. We granted this request in an earlier order.

[2] All references to the UCMJ and Rules for Courts-Martial in this order are to the *Manual for Courts-Martial, United States* (2019 ed.).

"may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and [which we] determine[ ], on the basis of the entire record, should be approved." 10 U.S.C. § 866(d)(1).

This court has jurisdiction over petitions under the All Writs Act to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[ ]." 28 U.S.C. § 1651. In order for our jurisdiction to extend to such petitions, the alleged harm must have "the potential to directly affect the findings and sentence." *Ctr. for Constitutional Rights v. United States*, 72 M.J. 126, 129 (C.A.A.F. 2013) (citing *Hasan v. Gross*, 71 M.J. 416 (C.A.A.F. 2012) (per curiam)). Our jurisdiction over such petitions permits us to "issue opinions in matters that *may* reach the actual jurisdiction of the court" under the doctrine of potential jurisdiction. *United States v. Howell*, 75 M.J. 386, 390 n.4 (C.A.A.F. 2016) (citing *FTC v. Dean Foods Co.*, 384 U.S. 597, 603 (1966)). Our superior court, the United States Court of Appeals for the Armed Forces (CAAF), has found such potential jurisdiction commences at least as early as the point of inception of a court-martial. *United States v. Brown*, 81 M.J. 1, 6 (C.A.A.F. 2021).

The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Association*, 319 U.S. 21, 26 (1943) (citations omitted). In order to prevail on a petition for a writ of mandamus, a petitioner "must show that (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan*, 71 M.J. at 418 (citing *Cheney v. United States Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004)). A writ of mandamus "is a 'drastic instrument which should be invoked only in truly extraordinary situations.'" *Howell*, 75 M.J. at 390 (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983) (per curiam)).

## III. ANALYSIS

### A. Jurisdiction

Petitioner has not demonstrated that we have jurisdiction over his request. In his situation, no charges have been preferred at all, which means we have no way of knowing at this stage whether he will actually face a court-martial, much less receive findings and a sentence making his case subject to our actual jurisdiction. We recognize this court has previously found jurisdiction over at least one petition for a writ of habeas corpus related to the pretrial confinement of an uncharged servicemember. *See United States v. Richards*, Misc. Dkt. No. 2012-08, 2012 CCA LEXIS 268, at *6 (A.F. Ct. Crim. App. 23 Jul. 2012) (unpub. op.). However, we are skeptical the rationale adopted in that order survives in

the face of the CAAF's opinions in *Howell* and *Brown*, insofar as those opinions seem to require identifying a specific pathway for a case to fall under our statutory review authority. Petitioner has not established such a pathway or even clearly demonstrated the Government intends to try him by court-martial.[3] As a result, we cannot say that his case may reach our court. Therefore, the doctrine of potential jurisdiction does not apply. Further, Petitioner has not clearly established how the matter he raises has the potential to directly affect the findings and sentence of a court-martial which may or may not actually occur. Should Petitioner be convicted and sentenced, he will be entitled to credit against his sentence for the time he has spent in pretrial confinement, but this would be an indirect, administrative impact on his sentence. His request that we order the Chief Trial Judge to detail a military judge to hear a pretrial confinement motion is all the more distant from the notion of a direct effect on the findings and sentence of a court-martial. Thus, we conclude Petitioner has not shown we have jurisdiction to hear his request.

### B. Article 30a, UCMJ

Notwithstanding the forgoing, we note Petitioner has demonstrated the Government at least considers him a suspect of several offenses by virtue of placing him in pretrial confinement. Even if this fact was adequate to establish our jurisdiction over the matter he raises, we would not grant his request.

At the end of 2016, the Military Justice Act of 2016 (MJA) was passed into law as part of the National Defense Authorization Act for Fiscal Year 2017. Pub. L. No. 114-328, §§ 5001–5542 (23 Dec. 2016) (FY17 NDAA). One provision of the MJA created a new UCMJ article, Article 30a. *Id*. at § 5202. Titled "Certain proceedings conducted before referral," this article indicated that "[p]roceedings may be conducted to review the following matters before referral of charges and specifications to court-martial for trial in accordance with regulations described by the president." *Id*. The article then listed three different matters: investigative subpoenas; warrants or orders for electronic communications; and "matters referred by an appellate court." *Id*. The article further required the service Secretary concerned to "prescribe regulations providing for the manner in which military judges are detailed to proceedings" regarding such matters. *Id*.

The following year, as part of the National Defense Authorization Act for Fiscal Year 2018, Congress directed "clarifying amendments" be made to the MJA. Pub. L. No. 115-91, §§ 531–38 (12 Dec. 2017) (FY18 NDAA). This act

---

[3] Under 28 U.S.C. § 2241, the federal judiciary has statutory authority to rule on petitions for writs of habeas corpus for prisoners held in pretrial custody. No similar authority exists for the military Courts of Criminal Appeals.

provided that proceedings could be conducted to "otherwise act on" the listed matters (in addition to "reviewing" those matters). *Id.* at § 531(b). The FY18 NDAA also added a fourth matter to the list: matters relevant to the exercise of certain victim's rights. *Id.*

Just under four months after the FY18 NDAA was enacted, the President signed Executive Order 13,825, designating 1 January 2019 as the effective date of the MJA, and implementing a broad swath of amendments to the *Manual for Courts-Martial*, to include the Rules for Courts-Martial. 83 Fed. Reg. 9889, § 5 (8 Mar. 2018). One amendment created the new Rule for Courts-Martial (R.C.M.) 309. *See* R.C.M. 309, Discussion. This rule provides some additional guidance and specifically limits the matters that may be considered in pre-referral proceedings to: investigative subpoenas; warrants or orders for wire or electronic communications; relief from subpoenas or other process; and matters referred by an appellate court. R.C.M. 309(b).[4] Regarding the last matter, the rule explains: "When a Court of Criminal Appeals or the Court of Appeals for the Armed Forces, in the course of exercising the jurisdiction of such court, remands the case for a pre-referral judicial proceeding, a military judge may conduct such a proceeding under this rule." R.C.M. 309(b)(4).

Article 30a, UCMJ, was again amended with the passage of the National Defense Authorization Act for Fiscal Year 2020. Pub. L. No. 116-92, § 531 (20 Dec. 2019) (FY20 NDAA). In addition to directing the President to prescribe regulations regarding pre-referral proceedings, the amendments added a fifth category of matters eligible for review under Article 30a, UCMJ—pre-referral matters relating to: pretrial confinement of an accused; mental capacity or mental responsibility of an accused; and requests for individual military counsel. *Id.* So far, the President has not acted to modify R.C.M. 309.[5] R.C.M. 305, *Pretrial confinement*, has also not been modified since the implementation of the 2018 executive order. As a result, R.C.M. 305 currently only authorizes judicial review of pretrial confinement once charges have been referred to a court-martial. R.C.M. 305(j).

The Secretary of the Air Force has promulgated regulations regarding pre-referral proceedings under Article 30a, UCMJ, but these regulations are silent with respect to pretrial confinement matters. *See* Department of the Air Force Instruction (DAFI) 51-201, *Administration of Military Justice* (14 Apr. 2022).

---

[4] The rule does not incorporate the victim-rights provisions from the FY18 NDAA.

[5] *See* Executive Order 14,062, 87 Fed. Reg. 4763 (31 Jan. 2022) (amending the *Manual for Courts-Martial*, but not altering R.C.M. 309 or other provisions relating to pre-referral matters subject to judicial review).

Petitioner contends Article 30a, UCMJ, and R.C.M. 309 mandate the detailing of a military judge to hear his pretrial confinement motion. Petitioner, however, is incorrect. By its terms, Article 30a, UCMJ, does not require a military judge be detailed at all—rather, the article requires the President to *prescribe regulations* for such proceedings. The FY20 NDAA does not appear to have established a date by which such regulations must be prescribed, and—as noted above—the President has not prescribed the regulations by modifying R.C.M. 305 or R.C.M. 309 to address pre-referral motions regarding pretrial confinement.

To the extent R.C.M. 309 can be read to reach pretrial confinement matters by virtue of its reference to Article 30a, UCMJ, the rule refers to military judges "detailed under regulations of the Secretary concerned."[6] DAFI 51-201, ¶ 7.3., explains that "[m]ilitary judges are requested and detailed to the pre-referral proceedings described in this chapter in accordance with the Uniform Rules of Practice Before Department of the Air Force Courts-Martial." The current version of these rules, however, does not have any explanation as to how or in what circumstances a military judge will be detailed for pre-referral matters regarding pretrial confinement. Instead, the rules simply set out the process for requesting a military judge to rule on investigative subpoenas and warrants/orders for electronic communications. *See* Rule 2.3, Uniform Rules of Practice Before Department of the Air Force Courts-Martial (1 Mar. 2022).

Through its creation of Article 30a, UCMJ, Congress plainly intended for the President to implement a process by which confined servicemembers could seek judicial review of pretrial matters prior to the referral of charges. In pursuit of this effort, Congress directed the President to promulgate relevant regulations, but no more. The direction to promulgate regulations is a far cry from a requirement that a military judge be detailed in Petitioner's case, and we will not read such a requirement into the existing rules. Petitioner has not identified any authority compelling a contrary conclusion.

As a result, Petitioner has not demonstrated that the right to the issuance of the writ he seeks is clear and indisputable, and he has therefore failed to show the appropriateness of the relief he requests.

Accordingly, it is by the court on this 28th day of July, 2022,

**ORDERED:**

Petitioner's 15 July 2022 request for extraordinary relief in the nature of a

---

[6] A fundamental problem with this interpretation is that R.C.M. 309(a)(2) specifically limits pre-referral proceedings to matters specified in R.C.M. 309(b), a subsection which does *not* include pretrial confinement motions.

writ of mandamus is hereby **DENIED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court