# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **In re SD** | ) | **Misc. Dkt. No. 2025-07** |
| *Petitioner* | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| **Gabriel A. BINKLEY** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Real Party in Interest* ) | | **Panel 2** |

On 30 July 2025, pursuant to Rule 19 of the Joint Rules of Appellate Procedure for Courts of Criminal Appeals, Petitioner submitted to this court a petition for extraordinary relief in the form of a writ of mandamus in the pending court-martial of *United States v. Senior Airman Gabriel A. Binkley*. Petitioner contends the military judge "clearly and indisputably erred in denying [Petitioner] standing to defend herself against the violations of her Article 6b, [Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 806b,[1]] right to protection from the [a]ccused and her right to privacy and dignity," and in "failing to grant a closed session in which to address a violation of her privacy rights." Petitioner requests "this court vacate the trial court's ruling that [Petitioner] lacks standing to be heard in matters impacting her Article 6b, UCMJ, rights;" "direct the trial court to hold a closed hearing . . . to allow [Petitioner] to be heard;" and direct the trial court "to seal all records containing evidence of her alleged sexual behaviors and predispositions, and . . . likewise seal the attachments to [the petition]." Petitioner has not requested a stay of the trial court proceedings.

The petition and its attachments indicate the following: On 5 June 2025, several charges and specifications alleging violations of the UCMJ by the RPI were referred for trial by general court-martial, including *inter alia* stalking in violation of Article 130, UCMJ, 10 U.S.C. § 930, directed at Petitioner. On 27 June 2025, the Defense filed a motion in limine to exclude evidence of various instances of alleged uncharged misconduct, of which the Government had provided notice pursuant to Mil. R. Evid. 404(b). In the motion, the Defense referred to certain alleged prior sexual behavior or predispositions by Petitioner.

---

[1] References to the UCMJ and Military Rules of Evidence (Mil. R. Evid.) are to the *Manual for Courts-Martial, United States* (2024 ed.).

On 8 July 2025, Petitioner submitted to the trial court a response to the Defense's motion in limine. Petitioner contended this proffered evidence of Petitioner's alleged prior sexual behavior or predispositions was neither relevant nor material under Mil. R. Evid. 401 and 402, and should be excluded pursuant to Mil. R. Evid. 403, 608, and 611, and Article 6b, UCMJ. Petitioner requested the military judge rule the proffered evidence inadmissible, issue an order in limine prohibiting its discussion on the record, seal any unredacted records containing the information, and hold a closed hearing to permit oral argument on the matter.

During a motions hearing on 10 July 2025, the military judge ruled Petitioner did not have standing to be heard on the Defense's Mil. R. Evid. 404(b) motion in limine. The military judge directed Petitioner's counsel to coordinate with trial counsel in order to protect Petitioner's Article 6b, UCMJ, rights. According to Petitioner, during subsequent oral argument on the motion, trial defense counsel continued to refer to evidence of Petitioner's alleged prior sexual behavior and predispositions.[2]

On 23 July 2025, Petitioner's counsel submitted to the trial court a motion for appropriate relief under Mil. R. Evid. 412, "arguing an alternative avenue for [Petitioner's] standing to defend her Article 6b, UCMJ, rights before the trial court." Petitioner, the Defense, and the Government provided argument on Petitioner's Mil. R. Evid. 412 motion to the military judge via email. According to Petitioner, the military judge had not ruled on Petitioner's Mil. R. Evid. 412 motion as of the filing of the instant petition on 30 July 2025. Petitioner states the military judge's ruling on her Mil. R. Evid. 412 motion "may necessitate a supplemental filing on this Petition," but she has provided no supplemental filings to date.

The All Writs Act, 28 U.S.C. § 1651(a), grants a Court of Criminal Appeals (CCA) "authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *Chapman v. United States*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999)).

The purpose of a writ of mandamus is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (citations omitted). In order to prevail on a petition for a writ of

---

[2] Petitioner does not indicate that the military judge has ruled on the Defense's Mil. R. Evid. 404(b) motion.

mandamus, a petitioner "must show that: (1) there is no other adequate means to attain relief; (2) the right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances." *Hasan v. Gross*, 71 M.J. 416, 418 (C.A.A.F. 2012) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004)); *see also In re KK*, 84 M.J. 664, 668 (A.F. Ct. Crim. App. 2023) (holding traditional mandamus standard of review applicable to Article 6b(e), UCMJ, petitions). A writ of mandamus "is a 'drastic instrument which should be invoked only in truly extraordinary situations.'" *Howell v. United States*, 75 M.J. 386, 390 (C.A.A.F. 2016) (quoting *United States v. Labella*, 15 M.J. 228, 229 (C.M.A. 1983)).

Article 6b(a)(1) and (9), UCMJ, provides that the victim of an offense under the UCMJ has, among other rights, "[t]he right to be reasonably protected from the accused" and "[t]he right to be treated with fairness and with respect for the dignity and privacy of the victim . . . ." Article 6b(4) provides the victim of an offense under the UCMJ has "[t]he right to be reasonably heard at" a public hearing concerning the continuation of pretrial confinement of the accused, a "sentencing hearing relating to the offense," and a public proceeding of a clemency and parole board relating to the offense.

Article 6b(b), UCMJ, defines "victim of an offense under this chapter" as "an individual who has suffered direct physical, emotional, or pecuniary harm as a result of the commission of an offense under [the UCMJ]."

Article 6b(e)(1), UCMJ, a "victim of an offense under this chapter" who believes "a court-martial ruling violates the rights of the victim afforded by a section (article) or rule specified in paragraph (4) . . . may petition the [CCA] for a writ of mandamus to require the . . . court-martial to comply with the section (article) or rule." Article 6b(e)(4), UCMJ, provides that this right to petition the CCA for a writ of mandamus applies with respect to protections afforded by, *inter alia*, Article 6b, UCMJ, and Mil. R. Evid. 412.

Mil. R. Evid. 412(a) provides that in any proceeding involving an alleged sexual offense, evidence offered to prove the alleged victim engaged in other sexual behavior or has a sexual predisposition is generally inadmissible, with three limited exceptions. These exceptions include:

> (1) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the accused was the source of semen, injury, or other physical evidence;

> (2) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the accused to prove consent or if offered by the prosecution; and

(3) evidence the exclusion of which would violate the accused's constitutional rights.

Mil. R. Evid. 412(b).

We find Petitioner has not met her burden to demonstrate she is entitled to mandamus relief from this court. The petition indicates Petitioner's motion for relief with regard to excluding evidence of her alleged prior sexual behavior and predispositions pursuant to Mil. R. Evid. 412 remains pending before the military judge. Thus, Petitioner has evidently not exhausted her avenues of relief from the trial court. Under these circumstances, Petitioner has failed to meet her burden to demonstrate that there is no other adequate means for her to obtain relief, and that the issuance of the writ by this court would be appropriate under the circumstances. *See Hasan*, 71 M.J. at 418 (citation omitted). Accordingly, we deny the petition, without prejudice to Petitioner's ability to petition this court in the future, depending on developments at the trial court.

Accordingly, it is by the court on this 5th day of August, 2025,

**ORDERED:**

Petitioner's petition for extraordinary relief in form of a writ of mandamus is **DENIED**.

**It is further ordered:**

Attachment II to the petition is hereby ordered sealed. The Government shall take all steps necessary to ensure copies of Attachment II in the possession of any Government office, Appellant, counsel for Appellant (trial and appellate), or any other known copy, be retrieved and destroyed if a paper copy, or destroyed if an electronic copy.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

4